ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CATAÑO<br>Apelante<br><br>v.<br><br>WASTE COLLECTION, CORP., OSCAR SANTAMARÍA TORRES; Y OTROS<br>Apelados | KLAN202400787 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2021CV08376<br><br>Sobre: Cobro de Dinero-Ordinario y otros |

Panel integrado por su presidente, el juez Figueroa Cabán, la jueza Cintrón Cintrón y el juez Rodríguez Flores[1]

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico a 20 de diciembre de 2024.

Comparece el Municipio Autónomo de Cataño, en adelante el Municipio o el apelante, quien solicita que revoquemos la *Sentencia* emitida y notificada el 23 de julio de 2024. Mediante la misma, el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, desestimó con perjuicio la *Demanda* presentada por el apelante.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada y se devuelve el caso para la celebración de un juicio plenario.

---

[1] De conformidad con la Orden Administrativa OATA-2024-111 se designa a la Hon. Sol de B. Cintrón Cintrón para entender y votar en el recurso de epígrafe.

**-I-**

Según surge del expediente, el Municipio presentó una *Demanda* contra Waste Collection, Corp., en adelante Waste Collection, el señor Oscar Santamaría Torres, en adelante el señor Santamaría, y contra otras partes, en conjunto los apelados, sobre sentencia declaratoria, acción de nulidad de contrato, restitución, cobro de dinero, daños y perjuicios. En síntesis, solicitó que se declararan nulos los contratos entre el Municipio y Waste Collection; se restituyera al apelante todo lo pagado en virtud de los mismos; se dictara sentencia declaratoria que determinara que las certificaciones de pago eran ilegales, por lo cual procedía devolver al Municipio los dineros pagados; se indemnizara al apelante por los daños causados; y se impusiera una partida por honorarios por temeridad.[2]

Waste Collection presentó su *Contestación a Demanda* en la que aceptó unas alegaciones, negó otras y presentó varias defensas afirmativas. En lo aquí pertinente alegó que los contratos y las enmiendas son totalmente válidos y conforme a derecho; que es una persona jurídica diferente a sus accionistas y directores, por lo que no puede ser responsabilizada por las actuaciones de terceros independientes, bien sean accionistas o directores; y que se limitó a ofrecer los servicios según pactados. Por las razones previamente expuestas, considera que no tiene responsabilidad alguna, por lo cual no existe causa de

---

[2] Apéndice del apelante, págs. 23-143.

acción en su contra que justifique la concesión de un remedio.[3]

Por su parte, el Señor Santamaría contestó la *Demanda*. Del mismo modo, aceptó unas alegaciones, negó otras y presentó las siguientes defensas afirmativas: los contratos fueron válidos y conformes a derecho; por lo tanto, el Municipio no tiene derecho a recobrar nada; en la alternativa, los dineros a los cuales pudiera haber tenido derecho el Municipio fueron pagados al Gobierno Federal como parte del acuerdo de culpabilidad que suscribió el Sr. Santamaría; y Waste Collection es una persona jurídica diferente a sus accionistas y directores, por lo cual no puede quedar vinculada por los actos de terceros independientes.[4]

Luego de varios trámites procesales que resulta innecesario pormenorizar para la resolución de la controversia ante nuestra consideración, Waste Collection presentó una *Moción de Sentencia Sumaria*. Arguyó, que tanto el TPI como el Tribunal de Apelaciones determinaron "que los contratos suscritos por Waste Collection y los acuerdos de culpabilidad que el Municipio trajo a colación -del Sr. Santamaría y del exalcalde Félix Delgado- no configuran prueba suficiente para decretar la nulidad de aquellos y descorrer el velo corporativo".[5] Sostuvo, además, que la conducta delictiva de los accionistas, directores u oficiales con los que se haya vinculado la Corporación no se le puede imputar al ente corporativo. Además, adujo que la celebración del juicio es innecesaria

---

[3] *Id.*, págs. 169-186.
[4] *Id.,* págs. 196-204.
[5] *Id.*, págs. 472-485.

porque el apelante "no cuenta con evidencia para establecer hecho alguno que sustente la alegada causa ilícita o contratación fraudulenta ni que el Sr. Santamaría utilizó a Waste [Management] como su *alter ego*…".

Por su parte, el Sr. Santamaría presentó una *Solicitud de Sentencia Sumaria por Insuficiencia de Prueba*. En esta adujo que tanto el Tribunal de Apelaciones como el foro sentenciador dejaron claramente establecido que "el acuerdo de culpabilidad y los contratos suscritos entre las partes no son la prueba concreta [,] robusta y convincente requerida para descorrer el velo corporativo". En consecuencia, insistió en que el Municipio "no cuenta con prueba suficiente para colocar al Honorable Tribunal en posición de hacer una determinación clara y específica sobre que los contratos eran contrarios a la ley", por lo cual reclama que se desestime la demanda con perjuicio.[6]

En desacuerdo, el apelante presentó oposición a las mociones de sentencia sumaria.[7] En resumen, alegó para ambos casos, que cuenta con la evidencia necesaria para probar su caso y que "la resolución sumaria promovería un estado de indefensión al Municipio y un desvío del debido proceso de ley". A su entender, por tratarse de una controversia de alto interés público, procede "que se le permita… presentar la prueba correspondiente a que la entidad corporativa fue utilizada por Santamaría para promover el fraude y la ilegalidad que supone que la entidad obtuvo por su

---

[6] *Id*., págs. 486-503.
[7] *Id*., págs. 504-531.

intervención un contrato millonario a cambio de pagos indebidos al entonces Alcalde".

En dicho contexto procesal, el TPI declaró Ha Lugar, tanto la *Moción de Sentencia Sumaria* de Waste Collection, como la *Solicitud de Sentencia Sumaria por Insuficiencia de la Prueba* del señor Santamaría. Consecuentemente, desestimó con perjuicio la totalidad de la *Demanda*.[8] Acogió como incontrovertidas 32 determinaciones de hechos.[9]

Inconforme, el apelante presentó una *Apelación Civil* en la cual invoca la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA DEL MUNICIPIO AUTÓNOMO DE CATAÑO MEDIANTE EL MECANISMO EXTRAORDINARIO DE LA SENTENCIA SUMARIA BAJO LA MODALIDAD DE INSUFICIENCIA DE PRUEBA PORQUE NO SE CUMPLEN LOS REQUISITOS PARA DICTARLA, LO QUE PRIVÓ A LA APELANTE DE SU DERECHO A UN JUICIO EN SU FONDO. ELLO, DEBIDO A QUE NO SE DEMOSTRÓ QUE LA PRUEBA TESTIFICAL Y DOCUMENTAL QUE CONSTA EN EL INFORME DE CONFERENCIA CON ANTELACIÓN AL JUICIO NO SATISFACE LOS ELEMENTOS NECESARIOS PARA ESTABLECER LAS CAUSAS DE ACCIÓN EXPUESTAS EN LA DEMANDA, SEGÚN LO DISPONE *MEDINA V. M.S. & D. QUÍMICA P.R., INC.*, 135 DPR 716, 732 (1994), Y PORQUE ESTE CASO, POR SER DE ALTO INTERÉS PÚBLICO, NO DEBE RESOLVERSE POR SENTENCIA SUMARIA PARA SALVAGUARDAR EL BUEN USO DE LOS FONDOS DEL PUEBLO.

Waste Collection compareció mediante *Alegato de la Apelada*. Posteriormente, el señor Santamaría informó a este Tribunal que adoptaba los argumentos esbozados por aquella. Por tal razón, el recurso está perfeccionado y listo para adjudicación.

Luego de evaluar los escritos de las partes y los documentos que obran en el expediente, estamos en posición de resolver.

---

[8] *Id.*, págs. 2-22.
[9] *Id.*, págs. 6-10.

**-II-**

**A.**

En nuestro ordenamiento jurídico "los derechos y las obligaciones adjudicados mediante un dictamen judicial, que adviene final y firme, constituyen ley del caso".[10] De modo, que "las determinaciones de un tribunal apelativo constituyen la ley del caso en todas aquellas cuestiones consideradas y decididas".[11] Dichas determinaciones, como regla general, "obligan tanto al tribunal de instancia como al que las dictó si el caso vuelve a su consideración".[12] En específico, las determinaciones judiciales que constituyen la ley del caso incluyen todas aquellas cuestiones finales consideradas y decididas por el Tribunal.

Ahora bien, la doctrina de la ley del caso solo puede invocarse cuando exista una decisión final de la controversia en sus méritos.[13] Por lo tanto, **de ordinario, las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden rexaminarse**.[14] Sin embargo, cuando la ley del caso es errónea y puede causar una gran injusticia, puede emplearse una norma de derecho diferente.[15] En otras palabras,

> **Más que un mandato invariable o inflexible, la doctrina recoge una costumbre deseable: las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa deben usualmente respetarse como finales. De este modo, las partes en un litigio pueden, en lo posible, conducir su proceder en el pleito sobre unas directrices judiciales confiables y certeras.[16]**

---

[10] *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020). *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 8 (2016); *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005).
[11] *Berkan et al. v. Mead Johnson Nutrition, supra,* pág. 201.
[12] *Id*.
[13] *Cacho Pérez v. Hatton Gotay y otros, supra*.
[14] *Id.,* pág. 9. (Énfasis suplido).
[15] *Berkan et al. v. Mead Johnson Nutrition, supra*.
[16] *Mgmt. Adm. Servs, Corp. v. ELA*, 152 DPR 599, 607-608 (2000). (Énfasis suplido).

En síntesis, la "doctrina de la 'ley del caso' es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin".[17] En vista de la anterior, si el tribunal "[…]entiende que sus determinaciones previas son erróneas y que podrían causar una grave injusticia, puede aplicar una norma de derecho distinta y así resolver de forma justa".[18]

**1.**

El 22 de diciembre de 2022, en el recurso KLCE202201219, un panel hermano del Tribunal de Apelaciones confirmó la *Resolución* recurrida y resolvió lo siguiente:

> **[E]l alto interés público que tiene el buen uso y la sana administración de los fondos públicos nos obliga a expedir el recurso para enfatizar que el Municipio tiene la oportunidad de probar su caso en un juicio plenario en el que presente prueba concreta, robusta y convincente de que:**
>
> (1)    el señor Santamaría utilizó a Waste Collection como su alter ego o conducto económico, al extremo que los intereses y propiedades entre ambos estaban confundidos y que dicha corporación no era una persona separada e independiente del recurrido.
>
> (2)    Los hechos fraudulentos e ilegales que cometió el señor Santamaría son de tal naturaleza, que el sostener la ficción jurídica de Waste Collection derrota la política pública que cobija el uso de fondos públicos y promueve el fraude y la ilegalidad.[19]

**-III-**

Para el Municipio incidió el TPI al desestimar la reclamación por la vía sumaria ya que las mociones de las apeladas contenían alegaciones conclusorias y constitutivas de prueba de referencia. Sostiene, además, que erró el foro sentenciador al no reconocer

---

[17] *Cacho Pérez v. Hatton Gotay y otros, supra*, pág. 10.
[18] *Berkan et al. v. Mead Johnson Nutrition, supra*. Véase, además, *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018).
[19] KLCE202201219, pág. 15. (Énfasis suplido).

que existe prueba documental y testifical que derrotaría la contención de insuficiencia de prueba. Por otro lado, procede descorrer el velo corporativo de Waste Collection porque el señor Santamaría "usó a la corporación como un agente para escudar la comisión de actos fraudulentos e ilegales". Para terminar, por tratarse de una controversia de interés público, el Municipio estima que el pleito de epígrafe nunca debió resolverse por la vía sumaria.

En cambio, para los apelados el Municipio no presentó prueba alguna que demostrara que existía y/o que contaba con evidencia para probar los elementos esenciales de su caso.

Luego de revisar atentamente los documentos que obran en autos, determinamos revocar la *Sentencia* apelada. Veamos.

Hace aproximadamente un año este Tribunal de Apelaciones, en el KLCE202201219, resolvió que la controversia de autos tenía que adjudicarse mediante juicio plenario. Esta determinación es final y firme, a nuestro entender no es errónea, ni puede causar una injusticia. Por el contrario, responde al alto interés público que involucra el uso y la administración de los fondos públicos.

De conformidad con lo anterior, resulta forzoso revocar la *Sentencia* apelada y devolver el caso para la celebración del juicio plenario según resuelto en KLCE202201219.

**-IV-**

Por los fundamentos previamente expuestos, se revoca la *Sentencia* apelada y se devuelve el caso al

Tribunal de Primera Instancia para la celebración del juicio plenario.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones